IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Karl Willis, | : | Case No. 3:08 CV 01831 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Carl Anderson, | : | |
| Respondent. | : | |

This case, filed pursuant to 28 U.S.C. § 2254[1], was referred to the undersigned Magistrate pursuant to Local Rule 72.2[2]. Pending is Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) to which Respondent filed a Motion to Dismiss (Docket No. 7). For the reasons that follow, the Magistrate recommends that Petitioner's Writ be denied and the referral to the Magistrate terminated.

---

[1]
    The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
    28 U.S.C.A. § 2254 (Thomson/West 2007).

[2]
    **Rule 72.2 Assignment and Referral of Matters to Magistrate Judges**
    **(a) General.** The method for assignment of duties to a Magistrate Judge and for the allocation of duties among the several Magistrate Judges of this Court shall be made in accordance with orders of the Court or by special designation of a District Judge.

## I. JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002))

Petitioner satisfies both prongs of the requirements for habeas jurisdiction. He was convicted in the Lucas County Court of Common Pleas and he is incarcerated at the Toledo Correctional Institution in Toledo, Ohio, as a result of his conviction. Plaintiff is in custody for purposes of habeas jurisdiction.

Petitioner alleges that he has been deprived of rights guaranteed him under the Fourth, Sixth and Fourteenth Amendments. Such claims, if true, are phrased sufficiently to allege a denial of violation of the Constitution or laws or treaties of the United States.

The Magistrate finds that this Court has subject matter jurisdiction to consider Petitioner's Section 2254 Petition.

## II. FACTUAL BACKGROUND

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court, the factual findings made by a state court in the direct appeal are presumed to be correct. *Keith v. Mitchell*, 455 F. 3d 662, 666 (6th Cir. 2006) (*citing* 28 U. S. C. § 2254 (e) (1) (2006)).

In *State v. Willis*, 2001 WL 201316, the Court of Appeals for the Sixth District in Lucas County, Ohio, found the following undisputed facts relevant to the issues on appeal.

> The charges against Petitioner arose from the shooting death of thirteen year-old Maurice Purifie on a Toledo street on June 15, 1998. Travis Slaughter, the state's first witness also

>charged with Purifie's murder, agreed to testify against Petitioner and Braddy, a third co-defendant, in exchange for a plea agreement involving this case and two other unrelated charges. He subsequently testified that he had known Petitioner and Braddy for several years and that they used to hang out together "on the streets." He further testified that Purifie had sold drugs for him many times and that in June 1999, Purifie owed him $800. Slaughter told Petitioner and Braddy in early June that Purifie owed him money and asked them if they would be willing to kill Purifie for $200. He testified that Petitioner said they all should do it together. Slaughter agreed and Braddy did not disagree.
>
>Slaughter then testified that in the early morning hours of June 15, 1999, the three co-defendants were roaming the streets when they saw Purifie walking by Robinson Junior High School. Slaughter called out to Purifie and Purifie stopped. Slaughter said that he asked Purifie if he had the money he owed and Purifie said he did not. Slaughter then pulled a gun and used it to hit Purifie in the face and shoulder until Purifie fell to the ground. Slaughter also punched Purifie with his bare hands and then told Petitioner and Braddy to "fuck him up." He testified that Petitioner stomped Purifie in the ribs and kicked him while Braddy choked him. Slaughter watched as the two men beat Purifie and did not try to stop them. Slaughter testified that he eventually told the two men to stop and turned to walk away. When he heard Purifie cursing and yelling threats at him, he turned around and, from an arm's length away, shot Purifie in the chest. Purifie fell to the ground bleeding, trembling and shaking. Slaughter testified that Petitioner then shot Purifie two times in the head. Braddy also shot Purifie approximately six times-several times in his side by his hip and then twice in the head. When Braddy stopped shooting, Slaughter took the gun from him and the three men went their separate ways. Slaughter further testified that he searched Purifie's clothing and removed his shoes to see if Purifie had any money. Slaughter found and took $85.

*State v. Willis,* 2001 WL 201316, *1 -2 (2001) (unreported).

## III. PROCEDURAL BACKGROUND

During the May 1999 term, the jurors of the grand jury of the State of Ohio, County of Lucas, indicted Petitioner as follows:

(1) One count of aggravated murder and a firearm specification, in violation of OHIO REV. CODE § § 2903.01 and 2941.145.
(2) One count of aggravated robbery and a firearm specification, in violation of OHIO REV. CODE § § 2911.01(A)(1) and 2941.145.

(Docket No. 7, Exhibit 1).

On January 7, 2000, the jury found Petitioner guilty on all counts including the firearm specifications. He was sentenced to life with parole eligibility after twenty years for aggravated murder and ten years for aggravated robbery to run concurrently with the aggravated murder sentence and three

years mandatory consecutive term for the firearm specification (Docket No. 7, Exhibit 3, p. 3). On March 2, 2001, the Court of Appeals remanded the case to order payment of court-appointed counsel fees (Docket No. 7, Exhibit 3, pp. 4-5).

Petitioner filed a motion for leave to file a motion for a new trial on January 4, 2006, in the Lucas County Court of Common Pleas (Docket No. 7, Exhibit 4). The trial court denied the motion for leave on July 5, 2006 (Docket No. 7, Exhibit 7).

Petitioner filed a notice of appeal on August 2, 2006 (Docket No. 7, Exhibit 8). On August 3, 2007, the Court of Appeals affirmed the trial court's judgment (Docket No. 7, Exhibit 12).

On September 17, 2007, Petitioner perfected an appeal in the Ohio Supreme Court (Docket No. 7, Exhibit 13). The Supreme Court, on January 11, 2008, declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question (Docket No. 7, Exhibit 16). Within one year after the Supreme Court dismissed the appeal, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.

## IV. HABEAS CORPUS STANDARD

In determining whether to issue a habeas writ, the standards set forth in the AEDPA govern the district court's review of a state court decision. *French v. Jones,* 332 F.3d 430, 435-436 (6th Cir. 2003), *cert. denied,* 124 S. Ct. 581 (2003). The AEDPA only provides habeas relief for a state prisoner in certain circumstances. *Id.* An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* (*citing* 28 U.S.C. § 2254(d) (2001)).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## V. ANALYSIS

Petitioner asserts five claims. First, the trial court committed reversible error when it determined, without an evidentiary hearing, that the motion for leave to file a new trial should be denied. Second, the trial judge forced the jury to deliberate and not surface until a verdict was reached. Third, Petitioner's conviction is against the weight of the evidence. Fourth, trial counsel failed to subpoena and/or conduct a direct examination of his alibi witness. Fifth, there is an underlying argument in the Petition that the Magistrate construes as an ineffective assistance of counsel argument.

Respondent contends that the statute of limitations ran its course more than one year before Petitioner took any action to challenge his conviction or sentence. The statute of limitations cannot be tolled as his motion for leave to file a motion for a new trial was filed nearly five years after the statute of limitations had ceased running. Simply, Petitioner's claims are time barred.

*Statute of Limitations Standard*

AEDPA imposes a one year statute of limitations for habeas petitions that challenge state court judgments. *Allen v. Yukins,* 366 F.3d 396, 399 (6th Cir. 2004) *cert. denied*, 125 S. Ct. 2000 (2004).

Specifically, a person in custody pursuant to a judgment of state court has one year within which to apply for a writ of habeas corpus. For purposes of this case, the one year period of limitations begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. 2244(d)(1)(A) (Thomson Reuters/West 2009). Direct review immediately follows trial, and generally is constrained by tight, non-waivable time limits, concluding with finality of judgment. *Lopez v. Wilson*, 426 F. 3d 339, 351 (6th Cir. 2005).

The one year limitation period may be tolled while application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. *Valentine v. Francis,* 270 F.3d 1032, 1034 (6th Cir. 2001) *cert. denied*, 122 S. Ct. 2626 (2002). The statute is not tolled during the pendency of a petitioner's first federal habeas writ as the writ is not an "application for state post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001).

*Statute of Limitations Applied to This Case*

Here, the statute of limitations began to run on April 17, 2001, the forty-sixth day after the Court of Appeals rendered its judgment on March 2, 2001. The statute expired on April 10, 2002. The statute of limitation expired prior to the filing of a motion for leave in January 2006; consequently, the statute of limitations was not tolled during the pendency of the motion or its appeal. This case is time barred and should be dismissed.

## VI.  CONCLUSION

In view of the foregoing, it is recommended that the Court grant Respondent's Motion to Dismiss and terminate the referral to the Magistrate Judge.

                                              /s/Vernelis K. Armstrong
                                              United States Magistrate Judge

Dated: June 12, 2009

## VII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.

Please be advised that, pursuant to rule 72.3(b) of the local rules for this district, the parties have ten (10) days after being served in which to file objections to said report and recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the sixth circuit court of appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.